J-S68036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL BROOKS, | : | |
| | : | |
| Appellant | : | No. 694 EDA 2014 |

Appeal from the Judgment of Sentence entered on January 30, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0014850-2013

BEFORE:  ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 21, 2014**

Darryl Brooks ("Brooks") appeals from the judgment of sentence imposed following his guilty plea to insurance fraud.[1]  Additionally, Brooks's counsel, Jennifer A. Santiago, Esquire ("Attorney Santiago"), has filed a Motion to Withdraw as Counsel.  We affirm Brooks's judgment of sentence and grant Attorney Santiago's Motion to Withdraw as Counsel.

On January 30, 2014, Brooks entered a negotiated guilty plea to one count of insurance fraud, and was thereafter sentenced to two years of reporting probation and $2,000 in restitution.  On February 27, 2014, Brooks filed a timely Notice of Appeal.  Thereafter, the trial court appointed Attorney Santiago as Brooks's appellate counsel.  Attorney Santiago has filed a Motion

---

[1] **See** 18 Pa.C.S.A. § 4117(a)(2).

to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** Brief").

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Attorney Santiago has complied with each of the requirements of *Anders*. Attorney Santiago indicates that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Santiago's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record contains a copy of the letter that Attorney Santiago sent to Brooks, indicating her determination that the appeal is frivolous, advising of her intention to seek permission to withdraw, attaching copies of her *Anders* Brief and Motion to Withdraw as Counsel, and advising Brooks of his right to proceed *pro se* or retain alternate counsel and file additional claims. Accordingly, Attorney Santiago has complied with the procedural requirements for withdrawing from representation, and we will review Brooks's appeal.

Notably, in her *Anders* Brief, Attorney Santiago indicates that, after she conscientiously examined the record, the claims of whether the trial court had subject matter jurisdiction, the validity of Brooks's plea, and the legality of Brooks's sentence are frivolous. *Anders* Brief at 9. Brooks has

not elected to proceed *pro se* or retain alternate counsel to file additional claims. Thus, we will review the record to determine if there are any meritorious issues to be raised on Brooks's behalf.

Upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the trial court, the validity of the plea, and the legality of the sentence imposed. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014); *see also Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007). When a negotiated plea includes sentencing terms or, more properly, the Commonwealth's commitment to recommend a certain sentence, the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence that the defendant knew was a proper consequence of his plea. *See Eisenberg*, 98 A.3d at 1276.

The two requirements for subject matter jurisdiction, as it relates to criminal defendants, are (1) the competency of the court to hear the case; and (2) the provision of formal notice to the defendant of the crimes charged. *See Jones*, 929 A.2d at 210.

Here, our review of the record indicates that the insurance fraud charge to which Brooks pled guilty stemmed from an incident involving a SEPTA bus, which allegedly occurred at the intersection of Germantown and Glenwood Avenues in the city of Philadelphia. *See* N.T. (Guilty Plea), 1/30/14, at 7. Thus, the trial court, sitting in the Court of Common Pleas of

Philadelphia County, was competent to adjudicate the criminal charges brought against Brooks. *See Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003) (holding that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code."). Additionally, Brooks received formal notice of the charges brought against him in the criminal Complaint, which provided the necessary notice to Brooks of the charges he faced and to which he eventually pleaded guilty. *See Jones*, 929 A.2d at 210. Accordingly, we agree with Attorney Santiago that any appeal on this basis would be frivolous.

Further, our review of the record reveals no issue regarding the validity of Brooks's plea. Brooks executed a written colloquy regarding his guilty plea which identified the charges against him, the maximum sentence and fines that could be imposed, the sentence recommended by the Commonwealth, and the trial and appeal rights that he would be waiving by entering a guilty plea. *See* Written Colloquy, 1/30/14, at 1-4. Thereafter, the trial court conducted a full colloquy on the record prior to accepting Brooks's guilty plea. *See* N.T. (Guilty Plea), 1/30/14, at 4-9. The written and oral colloquies reflect that Brooks knowingly and voluntarily accepted the negotiated sentencing terms recommended by the Commonwealth. Thus, we agree with Attorney Santiago that any appeal regarding the validity of Brooks's plea would be frivolous.

Finally, we discern no basis for challenging the legality of the sentence imposed upon Brooks. As specified in the written colloquy signed by Brooks, and as indicated by the trial court during the colloquy on the record, the trial court could have sentenced Brooks to a maximum sentence of seven years in prison and imposed a fine of up to $15,000. **See** N.T. (Guilty Plea), 1/30/14, at 5; **see also** Written Colloquy, 1/30/14, at 1. As Brooks was sentenced to merely two years of reporting probation and $2,000 in restitution, we agree with Attorney Santiago that Brooks's sentence was legal and that any appeal regarding the legality of Brooks's plea would be frivolous.

Further, because our independent review of the record discloses no meritorious claims, we conclude that Brooks's appeal is frivolous, and grant Attorney Santiago's Motion to Withdraw as Counsel.

Judgment of sentence affirmed; Motion to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014