J-S73036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONOVON NEAL LEE, | : | |
| | : | |
| Appellant | : | No. 1005 MDA 2014 |

Appeal from the Judgment of Sentence entered on May 14, 2014
in the Court of Common Pleas of Franklin County,
Criminal Division, No. CP-28-CR-0000954-2013

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 22, 2014**

Donovon Neal Lee ("Lee") appeals from the judgment of sentence imposed following his guilty plea to one count each of indecent assault and corruption of minors.[1] Additionally, Lee's counsel, Ian M. Brink, Esquire ("Attorney Brink"), has filed an Application to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967) (hereinafter the "**Anders** Brief"). We grant Attorney Brink's Application to Withdraw as Counsel and affirm Lee's judgment of sentence.

On April 19, 2013, Lee was charged with two counts of aggravated indecent assault and one count each of indecent assault, unlawful contact with a minor, corruption of minors and aggravated indecent assault of a child. On August 28, 2013, Lee pled guilty to one count each of indecent

_____
[1] **See** 18 Pa.C.S.A. §§ 3126(a)(7), 6301(a)(1)(i).

assault and corruption of minors. On May 14, 2014, following a hearing, the trial court determined that Lee met the criteria to be classified as a sexually violent predator. Thereafter, the trial court sentenced Lee to an aggregate sentence of time served to 23 months in prison, followed by 18 months of probation. Lee filed a timely Notice of Appeal.

In his *Anders* Brief, Attorney Brink argues that the trial court erred when it determined that Lee satisfied the criteria to be found a sexually violent predator. *See Anders* Brief at 14.[2]

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a

---

[2] In the Statement of Questions Involved contained in the *Anders* Brief, Attorney Brink broadly identified the issue raised on appeal as "[w]hether there are any issues of arguable merit that could be raised on direct appeal presently before this Court?" *Anders* Brief at 8 (capitalization omitted). However, in the Argument section of the *Anders* Brief, as well as in Lee's Concise Statement of Matters Complained of on Appeal, Attorney Brink has identified the issue raised on appeal as whether the trial court erred when it determined that Lee satisfied the criteria to be found a sexually violent predator. *See id*. at 14; *see also* Concise Statement of Matters Complained of on Appeal, 6/26/14, at 1.

copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief

> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. "Once counsel has satisfied the [***Anders***] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Edwards***, 906 A.2d at 1228 (citation omitted).

Here, Attorney Brink has complied with each of the requirements of ***Anders***. Attorney Brink indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Brink's ***Anders*** brief comports with the requirements set forth by the

Supreme Court of Pennsylvania in **Santiago**. Finally, the record contains a copy of the letter that Attorney Brink sent to Lee, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Brink's intention to seek permission to withdraw. Accordingly, Attorney Brink has complied with the procedural requirements for withdrawing from representation, and we will review Lee's appeal to determine whether it is frivolous.

The trial court set forth the relevant law, addressed Lee's claim, and concluded that it lacks merit. **See** Trial Court Opinion, 8/11/14, at 1-5. We agree with the sound reasoning of the trial court and affirm on this basis. **See id**.

Based on our review of the record, Lee's appeal is frivolous. Accordingly, we affirm the judgment of sentence and grant Attorney Brink's Application to Withdraw as Counsel.

Application to Withdraw as Counsel granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014

IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF
PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Court |
| | : | |
| vs. | : | No. 954-2013 |
| | : | |
| Donovan Neal Lee, | : | Judge Douglas W. Herman |
| Appellant | : | |

## Opinion sur Pa. R. App. P. 1925(a)

On April 19, 2013 Donovan Neal Lee ("Appellant") was charged with, *inter alia*,
Aggravated Indecent Assault when Complainant is Less Than 13 Years of Age; Indecent Assault
Without Consent of Complainant; and Unlawful Contact with a Minor. On August 28, 2013
Appellant pled guilty to Count II amended to Indecent Assault and Count 4 amended to
Corruption of Minors. Based on his convictions we ordered Appellant be assessed by the
Pennsylvania Sexual Offenders Assessment Board and at sentencing on May 14, 2014 we
determined Appellant to be a sexually violent predator. Appellant now appeals his judgment of
sentence. For the reasons that follow we submit that no error was committed by this Court.

## DISCUSSION

Upon review of the Concise Statement of Matters Complained of on Appeal filed on June
26, 2014, we note that Appellant raises one issue: "whether the trial court erred when it
determined that [Appellant] satisfied the criteria to be found a sexually violent predator."
Appellant argues that the Court should not have made such a conclusion because Appellant's
expert opined that even though Appellant did technically meet the criteria to be identified as a
sexually violent predator ("SVP") the Court should not have found Appellant to be a SVP due to
the absence of a known history of sexually offending behavior of a contact nature. We disagree.

42 Pa.C.S. § 9799.24(a) provides that:

RECEIVED
AUG 1 1 2014
AUG 11 2014

After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board. The order for an assessment shall be sent to the administrative officer of the board within ten days of the date of conviction for the sexually violent offense.

Further, a member of the Pennsylvania Sexual Offenders Assessment Board ("SOAB") is to conduct an assessment to determine whether the convicted individual should be classified as a SVP. 42 Pa.C.S. § 9799.24(b). Factors that the Court should consider include: whether the offense involved multiple victims; whether the individual exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim; the relationship of the individual to the victim; the age of the victim; whether the offense included a display of unusual cruelty by the individual during the commission of the crime; the mental capacity of the victim; the individual's prior criminal record; whether the individual completed any prior sentences; whether the individual participated in available programs for sexual offenders; the age of the individual; use of illegal drugs by the individual; any mental illness, mental disability or mental abnormality; behavioral characteristics that contribute to the individual's conduct; and factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense. 42 Pa.C.S. § 9799.24(b).

This Court held a SVP/sentencing hearing on May 14, 2014 where we made a determination that Appellant is a sexually violent predator. At that hearing Herbert Hays testified as a board member for the SOAB. (Tr. of Proceedings 4:23-24, May 14, 2014) [hereinafter "Sentencing Tr."]. Mr. Hays testified to the 14 factors delineated in 42 Pa.C.S. § 9799.24(b). The facts of the current offense consisted of the following: there was only one victim in the case; Appellant did not do more than necessary to achieve the sexual offense although the girl was only 12 years old; the nature of the sexual acts consisted of two occasions, one where Appellant kissed the victim and gave her a hickey on her neck, and another the next

2

day where Appellant gave the victim a hickey under her breast and placed his hand inside her underwear and digitally penetrated her vagina; Appellant and the victim also talked on the phone about engaging in sexual intercourse, the victim sent Appellant nude photographs and Appellant sent her a photograph of his penis; there was no long-term relationship between the two as they met at a park and were mere acquaintances; the victim was 12 years old at the time of the offense; there was no sadism or unusual cruelty involved; and there was no indication that the victim was mentally limited. (Sentencing Tr. 7:24-9:5). Prior offense history testified to by Mr. Hays included the following: Appellant had a considerable juvenile and adult history of arrests and supervision; at the time of the offense Appellant was under court supervision for retail theft; and Appellant attended group therapy at the Abraxas Youth Center that addressed sexual offending behavior where his high risk behaviors were identified and knowing those he still put himself in a very high risk situation with the victim in this case. (Sentencing Tr. 9:6-10:4). As to characteristics of Appellant, Mr. Hays testified to the following: Appellant was 22 years old; he did not use drugs or give drugs to the victim; his mental health history includes ADHD, some depression, mood disorder, and significant evidence of conduct disorder. Mr. Hays concluded that Appellant has predatory behavior as evidenced by his initiation and continuation of romantic behavior with the victim and he meets the criteria for status as a sexually violent predator according to the 14 factors. (Sentencing Tr. 10:4-11:16). Further, Mr. Hays opined that Appellant suffers from antisocial personality disorder which is a belief system that one is not accountable to the law and in this case evinces a likelihood to commit future sexual offenses. (Sentencing Tr. 11:17-12:23). In conclusion, Mr. Hays opined that Appellant meets the criteria for a sexually violent predator. (Sentencing Tr. 15:1-4).

3

Appellant called Dr. Stanley Schneider to testify on his behalf as to whether or not Appellant should be classified as a sexually violent predator. Dr. Schneider agreed with the Commonwealth witness that Appellant has antisocial personality disorder. (Sentencing Tr. 40:8-14). When Dr. Schneider was asked whether Appellant meets the criteria for antisocial personality disorder he responded: "He meets the diagnosis. Definitely I agree with it. The records, you know, speak for themselves. The criteria are there." (Sentencing Tr. 41:5-17). Furthermore, Dr. Schneider also agreed that Appellant met the criteria for predatory behavior. (Sentencing Tr. 41:23-42:6). Despite Dr. Schneider's own findings he believed Appellant should not be identified as a sexually violent predator because aside from the instant offense Appellant does not have a history of sexually violent or inappropriate behavior. He also based his opinion on the fact that Appellant cut off the relationship with the victim. (Sentencing Tr. 42:11-43:4).

We are not persuaded by Appellant's argument that he should not be identified as a sexually violent predator because of the lack of past history of sexual offenses. Prior offense history refers generally to prior offenses and not specifically sexual offenses. 42 Pa.C.S. § 9799.24(b)(2). We believe the real significance of Appellant's prior criminal history, whether it is sexual in nature or not, is the fact that Appellant possesses a willingness to go against society's norms, a thought process which is indicative of antisocial personality disorder. While the instant offense is Appellant's only sexual offense, it shows that the disregard for the law that is associated with antisocial personality disorder has now resulted in a sexual offense. The purpose of the statute is to insure that sexual offenders do not commit another sexual offense in the future. When the statutory requirements are met we do not see any reason to not apply the dictates of the statute and determine that a sexual offender is a sexually violent predator. To wait

4

until an offender racks up multiple sexual offenses would fly in the face of the purpose of the statute.

Dr. Schneider also relied on the fact that Appellant terminated the relationship even though he had the opportunity to continue re-offending. However, his stated reasoning for discontinuing the relationship to pursue a relationship with an older woman had nothing to do with recognition that his behavior was wrong. Regarding his past treatment, Appellant was given information that would have allowed him to make appropriate decisions regarding control of his behavior, however he evidently did not heed such advice. The nature of the relationship demonstrated predatory behavior in that it was a very brief contact and ended in a sexual offense. We believe that the factors set forth in 42 Pa.C.S. § 9799.24(b) weigh in favor of classifying Appellant as a sexually violent predator. As to the other requirements for status as a sexually violent predator, Appellant's own expert agreed with Mr. Hays of the SOAB that Appellant displays predatory behavior and suffers from antisocial personality disorder. Therefore we submit that we did not err in classifying Appellant as a sexually violent predator.

## CONCLUSION

In light of the foregoing discussion, we suggest that no error was committed during this proceeding and ask that the Superior Court affirm our decision determining that Appellant is a sexually violent predator.

5