J-S24003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL WILLIAM PECK, | : | |
| | : | |
| Appellant | : | No. 1149 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2014
in the Court of Common Pleas of Perry County,
Criminal Division, No(s): CP-50-CR-0000168-2013

BEFORE: GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 29, 2016**

Michael William Peck ("Peck") appeals from the judgment of sentence imposed following his guilty plea to failure to comply with registration requirements for sexual offenders.[1] Additionally, William M. Shreve, Esquire ("Attorney Shreve"), Peck's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) (hereinafter the "*Anders* Brief"). We grant Attorney Shreve's Petition to Withdraw, and affirm Peck's judgment of sentence.

In 2011, pursuant to a negotiated plea agreement, Peck pled guilty to indecent assault and received a sentence of two years of probation. At the time of sentencing, Peck was advised that, due to the nature of his crime, he might be required to register as a sexual offender. Subsequently, Peck was

---

[1] *See* 18 Pa.C.S.A. § 4915.1(a)(3).

required to register as a sexual offender.[2] According to the Affidavit of Probable Cause, Peck updated his registration on December 21, 2012, but provided inaccurate information regarding his place of employment and residence. Peck was subsequently charged with failure to provide accurate registration information, a felony of the first degree.[3] On December 10, 2013, pursuant to a negotiated plea agreement, Peck pled guilty to providing inaccurate registration information, and agreed to the imposition of a term of not less than 29 months in prison.[4] On January 16, 2014, the trial court sentenced Peck to a term of 19 to 58 months in prison.[5] Peck filed a post-sentence Motion, which the trial court denied. Peck did not file a direct appeal.

On January 12, 2015, Peck, acting *pro se*, filed a Petition pursuant to the Post Conviction Relief Act ("PCRA").[6] Attorney Shreve was assigned as PCRA counsel, and subsequently filed an amended Petition on Peck's behalf.

---

[2] According to the Affidavit of Probable Cause, Peck is a Tier 2 sexual offender, and is required to register for a period of 25 years.

[3] *See* 18 Pa.C.S.A. § 4915.1(c)(3).

[4] *See* N.T., 12/10/13, at 12.

[5] At the sentencing hearing, the trial judge indicated that he was imposing on Peck a mitigated range sentence of 29 to 58 months in prison, but was reducing the sentence to 19 to 58 months because Peck was owed 10 months of credit for time served. *See* N.T., 1/16/14, at 5-7; *see also id*. at 6-7 (wherein the trial court explained that, by structuring Peck's sentence in this fashion, it would hasten Peck's eligibility for parole).

[6] *See* 42 Pa.C.S.A. §§ 9541-9546.

On June 15, 2015, following a hearing, the PCRA court reinstated Peck's direct appeal rights. On July 1, 2015, Peck filed a timely Notice of Appeal.

Attorney Shreve filed a Petition to Withdraw as counsel and an **Anders** Brief. In his **Anders** Brief, Attorney Shreve raises, on Peck's behalf, the following questions for our review:

1. [Whether] 42 P[a].C.S.A. § 9799 applied to [Peck], considering that his indecent assault conviction was prior to the effective date of the statute?

2. Was insufficient evidence presented to sustain the verdict?

3. Was [Peck's] sentence illegal due to the possibility of his sentence being subject to a mandatory minimum?

**Anders** Brief at 7 (issues renumbered for ease of reference).

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief

> (1)   provide a summary of the procedural history and facts, with citations to the record;
>
> (2)   refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)   set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Attorney Shreve has complied with the requirements of *Anders*. Attorney Shreve indicates that he examined the record and determined that an appeal would be frivolous. Further, Attorney Shreve's *Anders* Brief, together with his Petition to Withdraw, minimally comport with the

- 4 -

requirements set forth by the Supreme Court of Pennsylvania in **Santiago**.[7] Finally, the record includes a copy of the letter that Attorney Shreve sent to Peck, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Shreve's intention to seek permission to withdraw. Accordingly, Attorney Shreve has substantially complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Peck's appeal is wholly frivolous.

In his first issue, Peck contends that he was sentenced for the underlying crime (*i.e.*, indecent assault) on November 2, 2011, requiring him to register under the Sexual Offender Registration and Notification Act ("SORNA"), codified at 42 Pa.C.S.A. § 9799.10 to 9799.41. **Anders** Brief at 11. Peck asserts that SORNA requires that persons found guilty of a violent sexual offense are required to register with the Pennsylvania state police. **Id**. Peck claims that the *ex post facto* clauses of the federal and state constitutions prohibit the retroactive application of SORNA. **Id**.

---

[7] In the **Anders** Brief, Attorney Shreve failed to state his reasons for concluding that the appeal is frivolous. Attorney Shreve also failed to provide any citations to the record, or to the controlling case law and statutes that support his conclusions that Peck's claims are frivolous. However, Attorney Shreve has provided sufficient information in his Petition to Withdraw. While we disapprove of Attorney Shreve's noncompliance with the technical requirements of **Santiago**, our independent review reveals that Peck's issues are, in fact, wholly frivolous, as explained below. Accordingly, in the interest of judicial economy, and because Attorney Shreve included the relevant **Santiago** requirements in his Petition to Withdraw, we will not remand based on the deficiencies of the **Anders** Brief.

Our independent review of the record discloses that Peck was notified at his initial sentencing in 2011, that a registration requirement might attach to his conviction. **See** N.T., 11/2/11, at 8-9. Subsequently, Peck was notified of his registration requirement, *and Peck thereafter complied with such registration requirement*. If Peck wished to challenge the imposition of his registration requirement, he should have done so upon his initial notification of such requirement. However, Peck did not do so, and instead accepted, without challenge, the imposition of a registration requirement. Accordingly, the imposition on Peck of a registration requirement is not before us. **See** Pa.R.A.P. 302(a) (stating that issues not raised in the trial court cannot be raised for the first time on appeal). Rather, the only issue before this Court is the penalty imposed for Peck's violation of his registration requirement. Thus, we conclude that Peck's first claim is, in fact, wholly frivolous.[8]

In his second issue, Peck contends that the evidence presented against him was insufficient to sustain the verdict. **Anders** Brief at 12.

Our independent review of the record discloses that Peck knowingly and voluntarily pled guilty to a violation of 18 Pa.C.S.A. § 4915.1(a)(3). **See** N.T., 12/10/13, at 4-12. In so doing, Peck specifically agreed to waive

---

[8] We further observe that, even if Peck's first issue were properly before us, we would conclude that it lacks merit. **See Commonwealth v. Perez**, 97 A.3d 747, 759 (Pa. Super. 2014) (holding that the retroactive application of SORNA to the defendant did not violate the *ex post facto* clause of the federal Constitution).

- 6 -

his right to have the Commonwealth meet its "burden of proving each and every element of the crime charged by proof beyond a reasonable doubt." *Id*. at 6. Accordingly, Peck's argument that the Commonwealth failed to present sufficient evidence of his guilt is, in fact, wholly frivolous.

In his final issue, Peck contends that his sentence may be illegal due to the possibility that the trial court imposed a mandatory minimum sentence, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[9] *Anders* Brief at 10.

We observe that there is nothing in the record to suggest that Peck's sentence was enhanced by any fact that mandatorily increased the range of penalties for his crime. Peck pled guilty to failure to provide accurate registration information, a first-degree felony, pursuant to a negotiated guilty plea, and thereafter received the agreed-upon prison sentence (29 months, less 10 months of credit for time served). Accordingly, Peck's argument his sentence violates *Alleyne* is, in fact, wholly frivolous.

In conclusion, we agree with Attorney Shreve's analysis that Peck's sentencing issues are without merit and wholly frivolous. In addition, having

---

[9] In *Alleyne*, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155, 2163. "The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (footnote omitted).

independently reviewed the entire record before us, we conclude there are no other issues of merit for appellate review. Thus, we grant Attorney Shreve's Petition to Withdraw, and affirm Peck's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016