J-S27035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 970 EDA 2022 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0002492-2016

| | | |
|---|---|---|
| IN THE INTEREST OF: C.C.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 971 EDA 2022 |

Appeal from the Decree Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000352-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: C.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 972 EDA 2022 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0002441-2017

IN THE INTEREST OF: C.B.M.J., A     :     IN THE SUPERIOR COURT OF
MINOR                              :           PENNSYLVANIA
                                        :
                                        :
APPEAL OF: C.J., MOTHER            :
                                        :
                                        :
                                        :
                                        :       No. 973 EDA 2022

Appeal from the Decree Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000353-2021

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                   **FILED OCTOBER 14, 2022**

C.J. ("Mother") appeals from the decrees terminating her parental rights to her son, C.G., a/k/a C.C.G., and daughter, C.B.M.J., a/k/a C.J. (collectively, "the Children"), and the orders changing the Children's goals to adoption. Mother's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the decrees terminating Mother's parental rights, dismiss the appeals from the goal change orders, and grant Counsel's petition to withdraw.

We summarize the factual and procedural history of these appeals from the record. The Philadelphia Department of Human Services ("DHS") has been involved with Mother's family since 2016. In November 2016, DHS obtained an order for protective custody for C.G., born December 2014, due to Mother's

failure to attend to his medical needs.[1]  A court adjudicated C.G. dependent in February 2017, and DHS placed him with his maternal grandmother ("Maternal Grandmother").

In May 2017, Mother gave birth to C.B.M.J.  DHS obtained an order for protective custody of C.B.M.J. in September 2017 after receiving reports that Mother had left her outside in the rain.  A court adjudicated C.B.M.J. dependent in December 2017.

The court held regular permanency review hearings.  The court set permanency goals of reunification and initially found Mother to be compliant with her objectives; however, beginning in mid-2017, the court found Mother either noncompliant or minimally compliant.[2]  The court added concurrent goals of adoption in 2019, and the court continued to find minimal or no compliance by Mother through 2020.

In July 2021, DHS filed petitions for the involuntary termination of Mother's parental rights and to change the Children's permanency goals to adoption.  Later that month, Mother, in the presence of two caseworkers, signed forms voluntarily relinquishing her parental rights and consenting to the adoptions of the Children.  In January 2022, DHS filed petitions to confirm Mother's consents and for the voluntary relinquishments of her parental

---

[1] Counsel has been appointed to represent Mother in these cases since December 2016.

[2] Both of the Children are currently placed in a pre-adoptive home with Maternal Grandmother.

- 3 -

rights.[3] The trial court held a hearing, but Mother was not present. Counsel appeared on behalf of Mother and agreed to a stipulation concerning Mother's execution of her consents to adoption and voluntarily relinquishment of her parental rights.[4] The court granted DHS's petitions to confirm consent, terminated Mother's parental rights, and awarded DHS custody of the

_____

[3] **See** 23 Pa.C.S.A. §§ 2501 (concerning the relinquishment of a child to an agency), 2504 (concerning alternative procedures for the relinquishment of a child), 2711 (concerning consents necessary for adoption).

[4] The stipulation stated, in relevant part:

> Ms. Sheila Overton [("Ms. Overton") and Community Umbrella Agency ("CUA") case manager Felicia Byrd ("Ms. Byrd") met with Mother] to review paperwork and discuss [M]other's signatures on the voluntary relinquishments of her parental rights as well as petitions to confirm; that [Mother] was made aware that she had the opportunity to review documents as well as to confer with her counsel; that at the time on July the 20th of 2021, she did not appear under the influence of alcohol, drugs or any substance; that she did have the opportunity to review the documents and place her signature [thereupon] in the presence of both Ms. Byrd and Ms. Overton; that [M]other was not promised anything in exchange for the signature -- she was not promised anything or placed under any duress when she did so; that she was informed that if she signed the documents that it could result in th[e c]ourt granting a voluntary termination of her parental rights and that she needed to do so of her own free will; that on that date and time she did in fact sign the documents; and that subsequently, she did not revoke her signature within the next 30 days; that she was informed by CUA as well as DHS that she would need to make any such revocation in writing.

N.T., 3/21/22, at 12-13.

- 4 -

Children.[5]  The court also changed the Children's permanency goals to adoption and vacated Counsel's appointment to represent Mother.

Mother filed timely *pro se* notices of appeal and four identical statements of errors complained of on appeal stating: "I signed my rights over with the intent the Children would be given to my mother.  I now wish to seek different options such as [permanent legal custody]."  **See** Statements of Errors Complained of on Appeal, 4/1/22.[6]  This Court directed the trial court to determine the status of Counsel, noting that an appointment of counsel extends through direct appeals.  In response, the trial court reappointed Counsel, and Counsel complied with this Court's order to file amended statements of errors complained of on appeal.  The trial court filed a statement of compliance with Pa.R.A.P. 1925(a).

In this Court, Counsel has filed a petition to withdraw and an **Anders** brief.  When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.  **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super.

---

[5] Additionally, the trial court ordered that DHS's petitions for the involuntary termination of Mother's parental rights be withdrawn.  The court authorized DHS to consent to the adoption of the Children without notice to Mother.

The trial court also involuntarily terminated the parental rights of the Children's father's and any unknown fathers, none of whom have participated in these appeals.

[6] This Court consolidated Mother's appeals *sua sponte*.

2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. This Court extended the **Anders** principles to appeals involving the termination of parental rights. **See In re V.E.**, 611 A.2d 1267, 1274-75 (Pa. Super. 1992). "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the

appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (internal citation omitted).

Here, Counsel has filed a petition to withdraw citing *Anders* and *Santiago*, but his petition does not include a statement that he conducted a conscientious review and determined that there were no meritorious grounds to support Mother's appeals. Counsel's *Anders* brief, however, includes the required statement detailing his review and his conclusion that Mother's appeals are frivolous. Counsel's *Anders* brief also includes a summary of the facts and procedural history of the case, a list of issues that could arguably support Mother's appeals, and Counsel's analysis of why the issues lack merit. Counsel avers that he mailed Mother copies of his petition and *Anders* brief, as well as correspondence explaining Mother's rights to retain private counsel or proceed *pro se* and raise any additional arguments she believes are meritorious. We conclude Counsel has substantially complied with the requirements of the *Anders* procedure.[7] *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (noting that substantial compliance with *Anders* requirements is sufficient). Accordingly, we will conduct an independent review to determine whether Mother's appeal is wholly frivolous.

Counsel identifies the following issue for review:

_____

[7] We remind Counsel that the *Anders* procedures require that he expressly state in his petition to withdraw that he seeks to withdraw following a conscientious examination of the record and his determination that an appeal is frivolous. *See Edwards*, 906 A.2d at 1227.

> Whether the trial court committed reversible error, when it terminated [M]other's parental rights by accepting [M]other's petition to confirm consent [sic] as opposed to permanent legal custody.

***Anders*** Brief at 6 (some capitalization omitted).[8]

When reviewing a decree terminating parental rights, this Court must "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." ***In re J.W.B.***, 232 A.3d 689, 695 (Pa. 2020) (internal citation omitted). "If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion." ***Id***. (internal citation omitted).

The procedures for confirming a parent's consent to adoption are set forth in 23 Pa.C.S.A. § 2504:

> **(a) Petition to confirm consent to adoption.**—If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary . . . the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

23 Pa.C.S.A. § 2504(a).[9] Section 2504(b) requires the trial court to hold a private hearing not less than ten days after the filing of the petition. ***See id***.

---

[8] Mother has not filed a response to Counsel's petition to withdraw, nor has she filed a brief *pro se* or with new counsel.

[9] Current Orphan's Court Rule 15.9, which establishes additional procedural requirements for a petition to confirm consent, took effect in July 2022 and does not apply to the instant proceeding, which occurred before the effective date of the rule. ***See*** Pa.R.O.C.P. 15.9; ***see also*** 51 Pa. B. 4313 (indicating that current Rule 15.9 is a new rule).

§ 2504(b). After the hearing, the court may enter a decree terminating parental rights and duties when the consenting parent relinquishes a child to a child welfare agency. ***See id***.

Further, section 2711(d) sets forth the following pertinent requirements for a parent's consent to the adoption of a child:

(1) The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the child, the name of the other parent or parents of the child and the following:

I hereby voluntarily and unconditionally consent to the adoption of the above named child.

I understand that by signing this consent I indicate my intent to permanently give up all rights to this child.

I understand such child will be placed for adoption.

I understand I may revoke this consent to permanently give up all rights to this child by placing the revocation in writing and serving it upon the agency or adult to whom the child was relinquished.

* * * *

If I am the birth mother of the child, I understand that this consent to an adoption is irrevocable unless I revoke it within 30 days after executing it by delivering a written revocation . . . .

I have read and understand the above and I am signing it as a free and voluntary act.

(2) The consent shall include the date and place of its execution and names and addresses and signatures of at least two persons who witnessed its execution and their relationship to the consenter. . . .

23 Pa.C.S.A. § 2711(d).

Pursuant to section 2711(c), a birth mother has a non-waivable right to revoke her consent within thirty days of executing of a consent, after which her consent becomes irrevocable. **See** 23 Pa.C.S.A. § 2711(c)(1)(ii), (2). A parent's revocation of the consent must be in a writing served upon the agency to which the parent relinquished the child. **See id**. § 2711(c). A parent may also challenge the validity of the consent by filing a petition alleging fraud or duress "[s]ixty days after the birth of the child or the execution of the consent, whichever occurs later," where, as here, no adoption decree has been entered. **See id**. § 2711(c)(3)(i).

Our Supreme Court has recognized that "consistent with the demands of due process, a parent must be provided with an opportunity to raise a challenge to the fact of consent, in accordance with applicable law, to the termination of . . . parental rights before the entry of a decree of adoption." **See J.W.B.**, 232 A.3d at 700. The hearing provision in section 2504 requires more than a mechanical consideration of the timeliness of a parent's attempts to revoke consent to adoption under section 2711(c). **See id**. If a parent challenges her consent as void *ab initio*, for example, the trial court must "review the consents and consider any and all arguments raised by the parties challenging their conformity" with the statutory requirements. **See id**.

Counsel asserts that Mother's intended challenge to her consents to adoption is frivolous because she did not seek to revoke her consents and did not file a petition seeking to set aside her consents due to fraud or duress as required by section 2711(c)(1) or (3)(i). The trial court similarly concludes

that the record demonstrates that Mother signed the required forms and that "at no time prior to [its] acceptance of said petition did [Mother] attempt to revoke or rescind them." *See* Trial Court Opinion, 6/9/22, at 2.

Our review of the record reveals that Mother's consents to the adoption of the Children contained the statutorily required acknowledgements, notices, and signatures. *See* 23 Pa.C.S.A. § 2711(d). Mother also stipulated that the two caseworkers who witnessed her signature of the consents informed her of her right to review the documents and confer with Counsel, that her consents must be freely given, and that her consents could lead to a voluntary termination of her parental rights. *See* N.T., 3/21/22, at 12-13. The stipulation further provided that Mother did not appear to be under the influence of alcohol, drugs, or substances at the time she signed the consents, and stated that she received no promises and that she was not placed under any duress. *See id*. As noted by Counsel and the trial court, there is no indication that Mother sought to revoke her consents to adoption within thirty days after executing the consents or that she alleged fraud or duress within sixty days after executing the consents.

Based on this record, we conclude Mother's consents to adoption were valid and irrevocable pursuant to section 2711, and we agree with Counsel's assessment that Mother's intended challenge to the termination of her parental rights pursuant to section 2504 is frivolous. Further, our independent review of the record reveals no additional issues of arguable merit preserved in Mother's appeals from the decrees terminating her parental rights. Lastly,

although Mother also appealed from the orders changing the Children's goals to adoption, we conclude that the appeals from these orders are moot given our affirmance of the decrees terminating Mother's parental rights. ***See In the Interest of D.R.-W.***, 227 A.3d 905, 917 (Pa. Super. 2020) (concluding that a goal change challenge is moot in light of affirmance of a decree terminating parental rights). Thus, we affirm the decrees terminating Mother's parental rights to the Children, dismiss Mother's appeals from the orders changing the Children's goals as moot, and grant Counsel's petition to withdraw.

Decrees affirmed. Appeals from the goal change orders dismissed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022

- 12 -