COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth EDWARDS, Appellant.

Superior Court of Pennsylvania.

Submitted May 8, 2006.

Filed Aug. 22, 2006.

**1226**

Lisa A. Gillick, Asst. Dist. Atty., Scranton, for Com., appellee.

BEFORE: JOYCE, BENDER and JOHNSON, JJ.

OPINION BY BENDER, J.:

¶ 1 Kenneth Edwards (Appellant) appeals from the September 29, 2005 judgment of sentence of ten months' to four years' incarceration imposed after he pleaded guilty to the following offenses: accidents involving death or personal injury (75 Pa.C.S. § 3742(a)); driving while operating privilege is suspended or revoked (75 Pa.C.S. § 1543(a)); operation of a motor vehicle without required financial responsibility (75 Pa.C.S. § 1786(f)); and operation following suspension of registration (75 Pa.C.S. 1371(a)). Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), with a separate petition seeking to withdraw as counsel, indicating that the grounds sought to be reviewed on appeal are "wholly frivolous." After evaluating counsel's submissions, including the limited certified record, we deny counsel's request to withdraw and

remand for the filing of an advocate's brief and for completion of the record.

¶ 2 The criminal complaint and supporting documents allege that on November 17, 2004, Appellant was involved in a motor vehicle accident in which his Dodge collided with a Volkswagen being driven by Tara Crofton. Crofton and a passenger in Appellant's vehicle, Ashley Douglas, incurred injuries as a result of the accident. When Officer Nancy Baumann arrived at the scene, Crofton and two witnesses told her that Appellant and Douglas immediately left the scene because Appellant allegedly remarked that he had to go down the street to retrieve his insurance information. Neither returned. Having effectively fled the scene, Appellant failed to give information and render aid as required by Section 3744 of the Pennsylvania Vehicle Code. 75 Pa.C.S. § 3744(a). Upon further investigation, Officer Baumann determined that, on the date of the accident, Appellant's operating privileges had been suspended or revoked, his registration had been suspended, and he lacked financial responsibility for the vehicle. Based on the above information, Officer Baumann filed a criminal complaint and affidavit of probable cause to obtain a warrant for Appellant's arrest.

¶ 3 On February 18, 2005, Appellant appeared before the Honorable Patricia Corbett and pleaded guilty to accidents involving death or personal injury; driving while operating privilege is suspended or revoked; operation of a motor vehicle without required financial responsibility; and operation following suspension of registration. *Anders* Brief at 7. During an oral colloquy with Appellant, Judge Corbett confirmed that "Appellant had read each question and on a written guilty plea colloquy, initialed each page, and signed the last page acknowledging that the information contained in the document [was] true and correct." *Id.* (citations omitted).

¶ 4 On September 29, 2005, for the offense of accidents involving death or personal injury, Judge Corbett imposed a sentence of ten months to four years in a state correctional facility, with special provisions for mental health counseling. Regarding the three summary offenses, Judge Corbett imposed a $200 fine for driving while operating privilege is suspended or revoked, a $25 fine for required financial responsibility, and a $100 fine for suspension of registration. *Id.* at 3. Appellant subsequently filed a motion for reconsideration of his sentence, which was denied on October 3, 2005. This timely appeal followed.

¶ 5 Appellant's counsel has filed an *Anders* brief with this Court, which asserts a single issue to be raised on appeal: "Whether the Sentencing Judge abused her discretion by imposing a sentence which confined [Appellant] to a state correctional facility as opposed to a county facility and thus placed additional stress on [Appellant] who suffers from mental health issues by moving [Appellant] further from his family?" *Id.* at 1. As noted above, defense counsel seeks to withdraw his representation on the grounds that he finds the issue to be without merit, and the appeal "wholly frivolous."

¶ 6 Initially, we note that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super.2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997)). As explained by our Supreme Court in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), pursuant to *Anders*, counsel seeking to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Bishop*, 831 A.2d 656, 659 (Pa.Super.2003).

¶ 7 In the instant case, we acknowledge defense counsel's technical compliance with each of the *Anders* requirements. Counsel's *Anders* brief and petition to withdraw aver that counsel made a conscientious examination of the record and found the appeal to be "wholly frivolous." The *Anders* brief filed in the present case reveals that defense counsel adhered to the admonition that "counsel who honestly believes that an appeal is wholly frivolous need not argue as an advocate would, but need only set out the issues in brief 'neutral' form in order that a reviewing court, in most instances this Court, can address the defendant's contentions." *Smith*, 700 A.2d at 1303. The brief neither resembles a no-merit letter nor an *amicus curiae* brief. In addition, appended to counsel's petition to withdraw is a copy of the letter defense counsel sent to Appellant indicating that defense counsel reviewed the record and found no non-frivolous issues. In this letter, defense counsel also properly advised Appellant of his right to retain new counsel in pursuit of his appeal or to represent himself *pro se* by filing a supplemental brief, raising any issues that he feels have merit.

¶ 8 Although we determined that defense counsel fulfilled the mechanical requirements for successfully seeking to withdraw further representation, we can-

not give a perfunctory nod to counsel's request. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wright,* 846 A.2d 730, 736 (Pa.Super.2004). Based upon our review, we believe the sole issue briefed, whether the sentence imposed improperly placed Appellant in a state correctional facility instead of a county facility for a Level 2 offense, has at least arguable merit, thus, compelling a brief by an interested advocate as opposed to one seeking to withdraw his representation on the grounds that the appeal is "wholly frivolous."

¶ 9 Before addressing the issue raised in counsel's *Anders* brief, we note that defense counsel has failed to supply a complete record in this matter. We cannot fairly proceed with our obligation to examine the merits of Appellant's appeal challenging the discretionary aspects of sentencing without the transcript of the sentencing proceeding. As a requirement of appellate review, Appellants are responsible for submitting a complete record to our Court for review. Because "[t]he filing of an *Anders* brief triggers our Court's duty to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest," *Commonwealth v. Vilsaint,* 893 A.2d 753, 757 n. 6 (Pa.Super.2006), this requirement becomes particularly important. In fact, the failure to deliver a sufficient record may appropriately result in dismissal of the appeal.[1] Accordingly, this oversight alone provides justification for denying counsel's request to withdraw.

¶ 10 Nevertheless, we proceed to a review of the entire, albeit limited, record. We find no dispute that Appellant voluntarily, knowingly, and intelligently pleaded guilty to a first-degree misdemeanor offense and to three less serious summary offenses. *Anders* Brief at 7. In consideration of Appellant's present misdemeanor offense and prior criminal record, application of the Pennsylvania Commission on Sentencing Guidelines labels Appellant a Level 2 offender. Consistent with this classification, the sentencing judge imposed a sentence of 10 months to four years, a term which falls within both the statutory minimum standard for a Level 2 offense (as explained below) and the statutory maximum guidelines for a misdemeanor of the first degree.[2] Appellant, however, alleges that the sentencing judge erred pursuant to the recommended sentencing guidelines in 204 Pa.Code § 303.11(b)(2) by sentencing him to serve his prison time in a state correctional facility as opposed to a county prison, which will place additional stress upon Appellant, who suffers from mental health issues, by moving him further from his family. *Anders* Brief at 6. We also find implicit in Appellant's argument a not inconsequential issue, cognizable before this Court and ignored by defense counsel, that Appellant's sentence is excessive for the offense to which he pleaded guilty despite his rank as a Level 2 offender.

¶ 11 The Pennsylvania Sentencing Guidelines establish five sentencing levels, each of which targets certain types of offenders, and describe ranges of sentencing options available to the court. 204 Pa. Code § 303.11(a). Appellant's argument,

---

1. *See* Pa.R.A.P Chapter 19, Preparation and Transmission of Record and Related Matters.

2. *See* 18 Pa.C.S. 1104(1), which states, in relevant part, "A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

   (1) Five years in the case of a misdemeanor of the first degree."

as stated, references Section 303.11(b)(2) of those guidelines, which describes sentencing for a Level 2 offender as follows:

(2) Level 2—Level 2 provides sentence recommendations for generally non-violent offenders and those with numerous less serious prior convictions, such that the standard range requires a county sentence but permits both incarceration and non-confinement. The standard range is defined as having an upper limit of less than 12 months and a lower limit of Restorative Sanctions (RS). The primary purposes of this level are control over the offender and restitution to victims. Treatment is recommended for drug dependent offenders. The following sentencing options are available:

Total confinement in a county facility under a county sentence (see 61 P.S. § 331.17).

Partial confinement in a county facility

County Intermediate Punishment (see § 303.12(a) for eligibility criteria)

Restorative Sanctions (§ 303.9(f))

204 Pa.Code § 303.11(b)(2).

¶ 12 As discussed, Appellant's most serious offense situates him within the Level 2 guideline that actually recommends confinement in a county facility for a sentence imposed within the standard range. Because Appellant's minimum sentence of ten months is within the standard range, yet he was confined to a state facility, Appellant raises a legitimate question regarding his place of confinement, an issue we have recently found reviewable on appeal. In *Commonwealth v. Hartle,* 894 A.2d 800, 808 (Pa.Super.2006), an analogous case, this Court found "that where the trial court has the discretion to impose a state sentence or a county sentence, the court must articulate its reasons for choosing state time when county time is recommended under the guidelines." This finding implies the legitimacy of a meritorious issue, reviewable by this Court upon an abuse of discretion standard, regarding placement in a state correctional facility as opposed to a county prison. Indeed, why demand the articulation of reasons if not to presume that those reasons might later be assessed for their soundness in sustaining a sentence of state time instead of county time?

¶ 13 While the Level 2 guidelines recommend a county sentence when the Level 2 offender is sentenced within the standard range, we concede that it is not a mandate. *Hartle,* 894 A.2d at 807. In *Hartle,* this Court noted that "[t]rial judges in this Commonwealth are granted the discretion to commit convicted criminals with maximum sentences of two years or greater to the Pennsylvania Department of Corrections." *Id.* Notably, this discretion derives from the sentencing provisions of Chapter 97, Subchapter E, which state, in relevant part, that "[a]ll persons sentenced to a total or partial confinement for ... maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court...." 42 Pa.C.S. § 9762. With that provision in mind, we recall that Appellant's most serious offense basically involved leaving the scene of an accident without fulfilling the duty to provide information and/or to render aid.[3]

---

**3.** *See generally* 75 Pa.C.S. § 3742. Under penalties, Appellant's offense is graded as a misdemeanor of the first degree. Thus, despite the sparse factual record, we can deduce from Appellant's misdemeanor grading that the injuries resulting from the automobile accident caused by Appellant were not deemed "serious." Even where the victim suffers serious bodily injury or death, the offense is upgraded to felony status, but the most severe mandatory sentence constitutes only a minimum term of imprisonment of not less than

¶ 14 Considered in the abstract, without consideration of Appellant's criminal history or the sentencing court's stated reasons for its sentence, Appellant's four year maximum sentence—calculated to be more than four times greater than Appellant's minimum sentence—raises an eyebrow in light of the offense to which he pleaded guilty and, to some degree, the general sentencing provision as set forth in 42 Pa.C.S. § 9756(b), which requires the imposition of a minimum sentence that does not exceed one-half of the maximum. Stated alternatively, and in consideration of this mandate, a sentencing court must impose a maximum sentence that is at least twice the minimum. Although there is no restriction placed on the court's decision regarding the maximum sentence, aside from the statutory maximum, we observe that very frequently sentencing courts comply with Section 9756(b) by simply imposing a maximum sentence twice that of the minimum sentence. We note that had the sentencing judge adhered to this common practice and imposed a maximum sentence of twice the minimum, Appellant's maximum sentence would have been four months shy of the requisite standard for state confinement, and Appellant would have undoubtedly received placement in a county facility. Therefore, we believe Appellant's appeal can be further predicated upon the sentencing judge's decision to impose a maximum sentence that ensured state incarceration instead of a county placement. Notwithstanding our determination to reserve judgment on the merits of this appeal, our analysis necessarily leads to a brief discussion of the broad discretion afforded to sentencing judges under Pennsylvania's indeterminate sentencing scheme.

¶ 15 It is well-settled that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa.Super.2006). Moreover, this Court has aptly noted:

> [The] sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime. However, it has also been stated that broad discretion does not mean unfettered or unchecked discretion; rather the sentence must be consistent with the protection of the public, the gravity of offense in relation to impact on victim and community, *and* the rehabilitative needs of the defendant.

*Commonwealth v. Walls,* 846 A.2d 152, 154–55 (Pa.Super.2004), appeal granted, 583 Pa. 662, 875 A.2d 1075 (2005) (internal citations and quotations omitted). In addition, "the court must consider the sentencing guidelines." *Id.* at 158. Section 303.11(a) of the Sentencing Guidelines, in relevant part, provides that the purpose of the sentencing guidelines is to "provide sanctions proportionate to the severity of the crime and the severity of the offender's prior conviction record." 204 Pa. Code § 303.11(a). "This establishes a sentencing system with a primary focus on retribution, but one in which the recommendations allow for the fulfillment of other sentencing purposes including rehabilitation, deterrence, and incapacitation." *Id.* The import of these principles as they relate to the present case is to underscore the proposition that while a sentencing judge does, indeed, have broad discretion, such discretion is not beyond the purview of this Court. Where a discretionary sentence appears to be greater than one typically seen for the crime in question, as does Appellant's, our duty as

one year plus fines (notwithstanding another provision of law).

an appellate court is to entertain the appeal on its merits to determine whether the court's sentencing discretion has been abused. While, at this juncture, we cannot decide whether Appellant has presented a meritorious issue for our review, we can and do find that his appeal is not "wholly frivolous."

¶ 16 At this point, we wish to clarify that underlying our assessment in denying counsel's request is the often overlooked, or perhaps misunderstood, distinction between an appeal that lacks merit and one that is wholly frivolous. In *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513, 514 (1974), our Supreme Court succinctly elucidated the subtle, yet essential distinction on which this Court relies:

> It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* "appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court." ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, commentary at 297 (Approved Draft, 1971).

Moreover, the purpose underpinning *Anders* is to grant an indigent criminal defendant access to representation in an appeal of right equal to that of a rich man. *McClendon*, 434 A.2d at 1186. Along this line of thought we recently stated:

> Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears

that unless a position is without question defeated by existing caselaw, an appointed counsel should advance the best argument he/she is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit. It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

*Commonwealth v. Kearns*, 896 A.2d 640, 647 (Pa.Super.2006).

¶ 17 In keeping with the above, defense counsel could have more efficaciously served his client's interests by preparing an advocate's brief with the possibility of unearthing and developing a meritorious issue for appellate review. Counsel employed obvious effort in the preparation of his *Anders* brief, but seemingly did so from a perspective that subjectively assessed the chance for ultimate success of the appeal. Apparently believing that the issue in question would not ultimately prevail, counsel opted to file an *Anders* brief rather than make the best argument he could to advance Appellant's issue. More specifically, defense counsel has determined Appellant's appeal to be "wholly frivolous" based, without critical review, upon the fact that Judge Corbett sentenced Appellant to a term that falls within the extreme reaches of the Level 2 standard of the sentencing guidelines and that she articulated credible reasons for doing so.[4] Counsel's assessment essentially disregards the possibility that despite due deference paid to the sentencing judge's discretion, Appellant's sentence, in particular his maximum sentence, which relegates him to incarceration in a state facility as opposed to the county time presumed to be

---

4. Judge Corbett's reasons, including her evaluation of Appellant's pre-sentence investigation report, will be duly considered at which

time our Court revisits this issue to pass judgment on the merits of the appeal.

appropriate in the guidelines, appears to be excessive punishment for the crime charged, and as such, raises an issue of at least arguable merit to be advocated on appeal. Herein lies the conceptually relevant, critical distinction previously made between complete frivolity and absence of merit.

¶ 18 Guided by this distinction, we disagree with defense counsel's assertion that Appellant's appeal is "wholly frivolous" and, therefore, must deny his petition for leave to withdraw further representation. We also direct counsel to file an advocate's brief and to order a transcript of the sentencing proceeding, which shall be forwarded to this Court.

¶ 19 Petition for leave to withdraw as counsel denied. Counsel is directed to file an advocate's brief within thirty days of the filing of this Opinion and to augment the record for full appellate review. The Commonwealth shall have thirty days from the filing of Appellant's brief to file an Appellee's brief. Jurisdiction retained.

Judge JOYCE concurs in the result.