J-S23039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD KAMAU IBIRITHI | : | |
| | : | |
| Appellant | : | No. 1610 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 12, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001180-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED NOVEMBER 10, 2022**

Clifford Kamau Ibirithi appeals from the judgment of sentence imposed following a jury convicting him of aggravated harassment by a prisoner and assault by a prisoner.[1] For these offenses, Ibirithi received two-and-a-half to five years of incarceration. Simultaneous to this appeal, Ibirithi's counsel has filed a petition to withdraw from representation and, too, has filed an accompanying brief pursuant to **_Anders v. California_**. **_See_** 386 U.S. 783 (1967). After a thorough review of the record, we affirm the judgment of sentence and additionally grant counsel's petition to withdraw.

As gleaned from the record, Ibirithi, while incarcerated at the York County Prison, engaged in a sexual act with his cellmate. Through testimony,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 18 Pa.C.S.A. § 2703.1 and 18 Pa.C.S.A. § 2703(a)(2), respectively.

the cellmate contended that, after he had gotten up in the middle of the night, Ibirithi raped him. Specifically, Ibirithi choked the cellmate and concurrently inserted his penis into the cellmate's rectum. Thereafter, the cellmate passed out due to strangulation, waking up with his pants down. The cellmate noted that after "coming to," in addition to having extreme pain, there was also a wet substance on his backside.

Ibirithi, on the other hand, indicated that the sexual encounter in question was consensual and that he and the cellmate had engaged in sexual acts prior to this discrete incident. Ibirithi also conveyed that he and his cellmate had disclosed to one another that they were HIV positive.

A testing of the cellmate and his clothing would reveal the presence of semen. In particular, the contents of that semen matched, with a great deal of scientific certainty, Ibirithi's genetic profile.

While Ibirithi was found not guilty of four of the charges against him, chiefly sexual assault and strangulation, the jury rendered guilty verdicts on the counts of aggravated harassment by a prisoner and assault by a prisoner. Subsequently, Ibirithi was sentenced to a total of two-and-a-half to five years of incarceration.

Ibirithi filed a timely post-sentence motion that: (1) challenged the weight of the evidence utilized in his convictions; and (2) sought credit for time served. The lower court denied the motion as to the former issue, but granted the motion as to the latter. Ibirithi then filed a timely notice of appeal. After making this filing, Ibirithi's counsel, in lieu of submitting a statement of

errors complained of on appeal, filed a statement of intent to withdraw as counsel pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4).

In this appeal, as stated, *supra*, Ibirithi's counsel has filed, before this Court, a petition to withdraw from representation as well as an **Anders** brief. Ibirithi has not filed a *pro se* response to the **Anders** brief, and the record also reflects no independent counsel filing on his behalf.

Although counsel has raised one issue in the **Anders** brief, the petition to withdraw must be considered prior to any substantive analysis of that issue. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). An **Anders** brief implies that counsel believes an appeal is frivolous. Attendant to that belief is counsel's desire to withdraw from representation, which requires counsel to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). As expounded upon in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court illuminated the necessary components of an **Anders** brief, which necessitate that counsel:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*., at 361. If the dictates of *Anders* are followed, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

After reviewing counsel's submissions, we conclude that counsel has satisfactorily complied with *Anders*. First, counsel, in the petition to withdraw, avers that there has been a "conscientious examination of the entire record" and, in so doing, determined that "a direct appeal in this case would be frivolous." Petition to Withdraw as Counsel, ¶ 3. Second, counsel's brief is in substantial conformity with the four requirements outlined in *Santiago*. And third, counsel has included a copy of the letter that he sent to Ibirithi, which clearly emphasizes counsel's intention to withdraw from representation and, too, advises Ibirithi of his right to either seek new counsel or proceed *pro se* to file additional claims. As such, because there has been compliance with *Anders*, we proceed to review the "frivolous" claim counsel has asserted on Ibirithi's behalf. Then, going further, we conduct an independent review to

ascertain whether Ibirithi's appeal is wholly unmeritorious.

Counsel raises one arguable issue in the ***Anders*** brief:

1. Was the evidence sufficient to convict Ibirithi of aggravated harassment by a prisoner and assault by a prisoner?

***Anders*** Brief, at 4.

Although Ibirithi never raised a sufficiency argument in his post-sentence motion, we note that "a challenge to the sufficiency of the evidence [can be] made on appeal." Pa.R.Crim.P. 606(A)(7). As with any argument challenging the sufficiency of evidence, we employ a well-settled standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. ... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brockman***, 167 A.3d 29, 38 (Pa. Super. 2017) (citation omitted).

Aggravated harassment by a prisoner occurs when a person confined in a county detention facility, jail, or prison "intentionally or knowingly causes or

- 5 -

attempts to cause another to come into contact with … seminal fluid … by … expelling such fluid." 18 Pa.C.S.A. § 2703.1. Likewise, a person is guilty of assault by a prisoner when an incarcerated or confined person "intentionally or knowingly causes another to come into contact with … seminal fluid … by expelling such fluid … when, at the time of the offense, the person knew … such fluid … to have been obtained from an individual, including the person charged under this section, infected by … human immunodeficiency virus (HIV)[.]" 18 Pa.C.S.A. § 2703(a)(2).

At trial, Ibirithi admitted to knowing that he had HIV, which he disclosed to his cellmate. **See** N.T., 6/2/21, at 332. Ibirithi also stated that he engaged in three incidents of sexual contact with his cellmate. **See id**., at 346.

The cellmate unequivocally specified that Ibirithi's "penis was inside [his] rectum." **Id**., at 117. The cellmate further remarked that when he woke up from apparent unconsciousness, he felt a wet substance in or around his backside. **See id**., at 130.

Testing of both the cellmate (by way of rectal and perianal swabs) and the cellmate's clothing yielded a finding of seminal fluid. **See id**., at 258, 263, 267-74. That seminal fluid was then determined to match "the DNA profile obtained from the known reference sample from … Ibirithi." **Id**., at 294.

In viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, the factfinder had a legally sufficient basis to conclude that statutory elements of both offenses had been met beyond a reasonable

doubt. It is unrefuted that Ibirithi is an incarcerated or confined person. As to the crime of assault by a prisoner, which, here, involved the additional HIV-related element, Ibirithi was, by his own admission, aware of his HIV status at all points relevant to this case. Moreover, the jury was free to believe that the cellmate, in fact, discovered a wet substance on his backside, which it could have then inferred as being Ibirithi's seminal fluid. Such an inference was later bolstered by well-detailed and explicit scientific testimony identifying both the substance and its almost certain source. Therefore, the only outstanding question is whether there was sufficient evidence to demonstrate that Ibirithi "expelled" seminal fluid within the meaning of both statutes.

While the act of "expelling" is not defined in either statute, Webster's Dictionary provides that "expel" means either "to force out" or "eject." Merriam-Webster.com, "Expel," *available at* https://www.merriam-webster.com/dictionary/expel. Armed with this definition, it was conceivable for the jury to have found that Ibirithi "forced out" or "ejected" seminal fluid inside of and/or onto his cellmate by way of him having an orgasm. Although it does not appear that Ibirithi, himself, admitted to ejaculating seminal fluid onto his cellmate, it was not unreasonable for the jury to find that he did, given its prerogative to believe, not believe, or believe in part the testimony of the cellmate as well as the testimony regarding the substances found on the cellmate's person and clothing.

Governed by the plain language of both 18 Pa.C.S.A. § 2703.1 and 18

Pa.C.S.A. § 2703(a)(2), which criminalizes the act of intentionally or knowingly causing another to come into contact with seminal fluid by way of expulsion (and, in the latter subsection, with the knowledge that the fluid is from an HIV-positive person), a challenge to the sufficiency of the evidence would have been frivolous, and Ibirithi would not have been entitled to relief.[2]

Obligated by **Anders**, we have additionally reviewed the record to ascertain the existence of other non-frivolous issues. This review has unearthed nothing more.

As we are unable to uncover any independent and non-frivolous issues and see no merit to the sole issue counsel has advanced, we grant counsel's

_____

[2] Although we determine that there was sufficient evidence to allow the fact-finder to conclude, beyond a reasonable doubt, that both crimes' statutory elements had been met, we acknowledge that there is a dearth of authority from either this Court or our Supreme Court on these statutes as applied to a factual situation similar to what happened in this case.

We further note that, to the extent Ibirithi raised a defense of consent at trial, the victim's testimony that the encounter was nonconsensual was sufficient for the Commonwealth to meet its burden of disproving the defense. **See Commonwealth v. Mouzon**, 53 A.3d 738, 742 (Pa. 2012) (where evidence is introduced which raises an issue relating to an affirmative defense, the burden of proof falls on the Commonwealth to disprove the defense). As Ibirithi's counsel indicates in his brief, the Commonwealth was not required to prove that the victim did not give his consent to Appellant's conduct under the aggravated harassment by a prisoner or assault by a prisoner statutes, which are distinct from the sex-related offenses of which he was found not guilty. **See Anders** Brief, at 9-10; 18 Pa.C.S.A. §§ 2703(a)(2), 2703.1; **see also, e.g**., 18 Pa.C.S.A. § 3124.1 (for the offense of sexual assault, criminalizing the act of engaging in sexual intercourse "without the complainant's consent"). However, a defense related to the consent of the victim is available where consent "precludes the infliction of the harm or evil sought to be prevented by the law defining the offense." 18 Pa.C.S.A. § 311(a).

petition to withdraw and affirm Ibirithi's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2022