J-A28042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY WILLIAM GARY | : | |
| | : | |
| Appellant | : | No. 2635 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 13, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001201-2018

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MARCH 20, 2023**

Rodney William Gary ("Gary") appeals from the judgment of sentence imposed after he pleaded *nolo contendere* to aggravated assault by vehicle while driving under the influence ("DUI"), driving under the influence, possession of a controlled substance, and related offenses.[1] Gary's counsel ("Counsel") has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and petitioned to withdraw. We deny Counsel's petition.

We summarize the factual history of this appeal from the affidavit of probable cause, which the parties incorporated into the record of Gary's *nolo contendere* pleas. **See** Criminal Complaint, Affidavit of Probable Cause, 12/30/17, at 1; **see also** N.T., 10/29/19, at 15-16 (memorializing the parties'

---

[1] **See** 75 Pa.C.S.A. §§ 3735.1(a), 3802(d)(1)(i); 35 P.S. § 780-113(a)(16); **see also** 75 Pa.C.S.A. §§ 3732.1(a), 3742(a), 3742.1(a), 3736(a), 3714(c), 3745(a), 3361, 3744.

stipulations to the affidavit of probable cause, the results of all chemical testing, and Gary's driving history as stating the factual bases for Gary's pleas). In the morning of December 30, 2017, Upper Darby Police Officer James Friel received a dispatch about a vehicle striking a pedestrian, and was among the officers to respond. When Officer Friel arrived at the accident scene, he observed a man on the ground with open wounds and possible broken bones. One witness reported that the driver had struck two stop signs and then hit the pedestrian, after which the driver stopped, briefly got out of his vehicle, and then drove away from the scene. The witness identified the vehicle as a white Dodge Durango and gave officers its license plate number. The witness described the driver as a black male. A second witness stated that he was walking toward the accident scene when he heard people yelling to stop a vehicle, and he took pictures of the driver and the vehicle's license plate. *See* Criminal Complaint, Affidavit of Probable Cause, 12/30/17, at 1.

Officer Friel patrolled the area and later found the Dodge Durango double-parked by a building. He saw a man later identified as Gary, in a green jacket walking away from the vehicle. Upon seeing the officer, Gary immediately went into the building. Officer Friel and another officer entered the building and found Gary. The officer brought Gary outside where one of the witnesses from the accident scene identified him. A woman told police that she saw Gary discard a pink bottle inside the building. An officer returned to the building and recovered a bottle containing six pills, which later chemical testing identified as alprazolam ("Xanax"). Police investigated the Dodge

- 2 -

Durango and noticed the smell of burnt marijuana inside the vehicle. Officers contacted the Durango's registered owner, who told them she had double-parked the vehicle to go to an appointment while Gary remained in the car. Police took Gary into custody, and he consented to a blood test. *See id*.

The Commonwealth charged Gary with numerous offenses related to the hitting the pedestrian while DUI and his possession of Xanax. On October 29, 2019, Gary, who was represented by different counsel at the time ("prior counsel"), entered *nolo contendere* pleas. The trial court accepted Gary's pleas and deferred sentencing. Following continuances and status conferences during the COVID-19 emergency, Gary's prior counsel filed a motion to withdraw from representation. The trial court granted prior counsel's motion and appointed current Counsel.

Gary, through Counsel, filed a motion to withdraw his *nolo contendere* pleas and asserted his innocence. *See* Motion to Withdraw *Nolo Contendere* Pleas, 5/27/21, at 2. Gary denied driving the vehicle at the time it struck the pedestrian and argued that the eyewitness identifications were unreliable. *See id*. He further asserted the Commonwealth could not prove that he possessed the bottle the police recovered in the building. *See id*. Following a hearing, the trial court denied Gary's motion to withdraw his pleas in July 2021, and held a sentencing hearing on August 13, 2021. The trial court imposed an aggregate sentence of four to eight years of imprisonment. Gary timely filed a post-sentence motion again requesting to withdraw his *nolo contendere* pleas. The trial court denied Gary's post-sentence motion. Gary

timely appealed, and Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief. The trial court determined that no further explanation of Gary's conviction and sentence was necessary and did not prepare a Rule 1925(a) opinion. As noted above, Counsel has filed an *Anders* brief and a petition to withdraw from representation.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In *Santiago*, our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Edwards**, 906 A.2d at 1228 (citation omitted).

Here, Counsel avers in his petition to withdraw that he conducted a thorough and conscientious review of the record and applicable case law, and thereafter determined that there are no meritorious grounds to support Gary's appeal. Counsel further avers that he mailed Gary copies of the petition and the **Anders** brief, as well as correspondence explaining Gary's rights to retain private counsel or proceed *pro se* and raise any additional arguments he believes are meritorious. Counsel's **Anders** brief includes a summary of the facts and procedural history of the case, a list of issues that could arguably support Gary's appeal, and Counsel's analysis of why the issues lack merit. We conclude Counsel has complied with the technical requirements of the **Anders** procedure. Accordingly, we will conduct an independent review to determine whether Gary's appeal is wholly frivolous.

Counsel identifies the following issue for review:

Whether [trial court] erred as a matter of law and abused its discretion, in denying [Gary's motion to withdraw] his *nolo contendere* plea, which was filed by [Gary] prior to sentencing.

**Anders** Brief at 2.

The following principles govern our review. The right to withdraw a guilty or *nolo contendere* plea is not absolute. ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291 (Pa. 2015); ***see also Commonwealth v. Norton***, 201 A.3d 112, 114 & n.1 (Pa. 2019) (noting that the same standards apply to pre-sentence motions to withdraw a guilty plea or a *nolo contendere* plea). The trial court must construe a pre-sentence motion to withdraw a plea "liberally in favor of the accused" and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***See Carrasquillo***, 115 A.3d at 1292 (internal citation omitted). The trial court may exercise its discretion when considering whether an assertion of innocence constitutes a fair and just reason for a pre-sentence withdrawal of a plea. ***See Norton***, 201 A.3d at 120. A defendant's bare assertion of innocence will not establish a fair and just reason to withdraw a plea *per se*. ***See id***. The trial court may consider the credibility or plausibility of a defendant's assertion of innocence when assessing whether the defendant has offered a colorable claim that the withdrawal of the plea would promote fairness and justice. ***See id***. at 120-21.

An appellate court reviews the trial court's decision for an abuse of discretion. Thus,

> [w]hen a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial

court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

*Id*. at 120 (internal citations, quotations, and brackets omitted).

In the case *sub judice*, our review of the record reveals that the trial court did not enter findings of fact or conclusions of law concerning its denial of Gary's pre-sentence motion to withdraw his *nolo contendere* pleas either on the record at the hearing, in a separate order, or in a Rule 1925(a) opinion. As emphasized by our Supreme Court, an appellate court's role is to review the trial court's exercise of discretion when denying a pre-sentence motion to withdraw a plea. ***See id***. The absence of a trial court opinion, under the circumstances of this appeal, impedes proper appellate review, and we decline to consider Counsel's independent assessment that this appeal is frivolous without the benefit of the trial court's discussion of its findings of fact, determinations of credibility, and conclusions of law.

Accordingly, we deny Counsel's petition to withdraw from representation and direct the trial court to prepare a supplemental opinion within forty-five days of this decision addressing its denial of Gary's pre-sentence motion to withdraw. This Court shall thereafter set a new briefing schedule during which Counsel shall file an advocate's brief or a new petition to withdraw and an

*Anders* brief,[2] and the Commonwealth may file a supplemental appellee's brief.

Petition to withdraw denied with instructions. Panel jurisdiction retained.

_____

[2] We add that while Counsel extensively discussed the Commonwealth's evidence against Gary, including references to a preliminary hearing transcript, the certified record does not indicate that the preliminary hearing transcripts were admitted as evidence in connection with Gary's pleas or his motion to withdraw his pleas. Moreover, the certified record does not contain a copy of that transcript or any other evidence the Commonwealth used to establish a factual basis for the pleas aside from the affidavit of probable cause. Counsel shall ensure that the record includes all information necessary for this Court to render a decision upon issuance of the trial court's supplemental opinion.