J-S15038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHIANNE DAWN WESTBROOK | : | |
| | : | |
| Appellant | : | No. 1725 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 14, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000531-2022

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: AUGUST 7, 2023**

Shianne Dawn Westbrook ("Westbrook") appeals from the judgment of sentence following her plea of *nolo contendere* to conspiracy to commit criminal use of a communication facility.[1]  Additionally, Westbrook's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Counsel's petition to withdraw and affirm.

The relevant factual and procedural history of this case is as follows.  On November 14, 2022, Westbrook pleaded *nolo contendere* to criminal use of a communication facility arising from an incident during which she and an accomplice robbed a man at gunpoint when the man arrived at a previously agreed-upon location to exchange money for sex with Westbrook.  ***See*** N.T.,

_____

[1] ***See*** 18 Pa.C.S.A. §§ 903(a), 7512(a).

11/14/22, at 5.  In exchange for Westbrook's guilty plea, the Commonwealth agreed to *nolle pros* the remaining charges, including, *inter alia*, robbery,[2] and the trial court sentenced Westbrook to, among other things, one-year-less-one-day to two-years-less-one-day of imprisonment, with five years of consecutive probation, a $100 fine, $120 in restitution to the victim, and court costs.  ***See id***. at 2, 15-16.  The trial court made Westbrook eligible for work release.  ***See id***. at 15.

Westbrook filed a post-sentence motion to withdraw her guilty plea on November 28, 2022.[3]  The trial court denied the motion.  ***See*** Order, 12/13/22.  Westbrook failed to report to the Lancaster County Prison on December 14, 2022 to begin her sentence, as ordered by the trial court.  ***See*** N.T., 11/14/22, at 15-16 (trial court permitting Westbrook to delay for thirty days reporting to the prison for her sentence).  The trial court issued a bench warrant for Westbrook's arrest on December 21, 2022.  ***See*** Order, 12/21/22. In the interim, Westbrook, via counsel, timely filed an appeal from her judgment of sentence.  ***See*** Notice of Appeal, 12/14/22.  Westbrook's counsel

---

[2] ***See*** 18 Pa.C.S.A. 3701(a)(1)(ii).

[3] Pa.R.Crim.P. 720(A)(1) requires post-sentence motions to be filed within ten days following the imposition of sentence.  Because the trial court sentenced Westbrook on November 14, 2022, the ten-day deadline fell on November 24, 2022.  However, November 24, 2022 was Thanksgiving.  We note the county courthouse was closed on Thursday and Friday, November 24 and 25, 2022. ***See*** https://www.court.co.lancaster.pa.us/DocumentCenter/View/1195/2022-Court-Calendar.  Accordingly, the next business day was November 28, 2022. Westbrook's post-sentence motion was thus timely filed.  ***See*** 1 Pa.C.S.A. § 1908 (excluding holidays and weekends from time computations).

indicated his intention to file a motion to withdraw on appeal pursuant to Pa.R.A.P. 1925(c)(4), and the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Santiago**, our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (internal citation omitted).

Here, Counsel avers in his petition to withdraw that he has reviewed the record and determined that no non-frivolous issues exist. *See* Petition to Withdraw, 3/2/23, unnumbered at *1. Counsel has further averred that he mailed Westbrook a copy of his petition to withdraw along with his *Anders* brief; he has advised her of her right to proceed, with private counsel or *pro se*, and to present to this Court any other information or documentation relevant to her appeal. *See id*. at Ex. A. Counsel's brief includes a summary of the factual and procedural history of the case, identifies the issue that could arguably support Westbrook's appeal, and explains his reasons for concluding the appeal is frivolous, with analysis of the pertinent facts and applicable law. *See Anders* Brief at 8-9. As Counsel is in technical compliance with *Anders* and *Santiago*, we proceed to conduct an independent review to determine whether this appeal is wholly frivolous.

Counsel identifies the following issue for our review: Whether the trial court abused its discretion in denying Westbrook's post-sentence motion to withdraw her guilty plea? *See Anders* Brief at 8.

- 4 -

Our standard of review is as follows:

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.

The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (internal citations and quotations omitted; formatting altered).

Initially, we note that a plea of *nolo contendere* is treated the same as a guilty plea. *See Commonwealth v. Jabbie*, 2000 A.3d 500, 505 (Pa. Super. 2018). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." *Id*. (internal citations, quotations, and brackets omitted).

We have previously summarized the law governing post-sentence motions to withdraw guilty pleas:

Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly,

intelligently, and voluntarily.  In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.  A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Kehr*, 180 A.3d at 756–57 (internal citation and brackets omitted).  The law presumes a defendant who entered a guilty plea was aware of what she was doing, and the defendant bears the burden of proving otherwise.  *See Jabbie*, 200 A.3d at 505 (internal citation omitted).  Additionally, a defendant is

bound by the statements which [s]he makes during [her] plea colloquy.  Therefore, a defendant may not assert grounds for withdrawing the plea that contradict statements made when [s]he pled guilty, and [s]he may not recant the representations [s]he made in court when [s]he entered [her] guilty plea.  Moreover, the law does not require that a defendant be pleased with the outcome of [her] decision to plead guilty.  The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently.

*Id*. at 506 (internal citations and quotations omitted).  The comment to Pennsylvania Rule of Criminal Procedure 590 provides the topics that should be covered during a guilty plea colloquy:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, cmt. *Accord Jabbie*, 200 A.3d at 506 (discussing and applying Pa.R.Crim.P. 590, cmt.).

Following our review, we conclude the trial court did not abuse its discretion in determining there would be no manifest injustice in denying Westbrook's post-sentence motion. The record reveals that Westbrook was informed of and understood the nature of the charges. *See* N.T., 11/14/22, at 4. Westbrook agreed to the factual basis. *See id*. at 6. The trial court informed her of her right to trial by jury and also that she was presumed innocent until proven guilty. *See id*. at 3. The trial court informed Westbrook of the maximum applicable sentence as well as the applicable guidelines. *See id*. at 4. The trial court further made Westbrook aware that the court would be bound by the terms if it accepted the agreement. *See id*. at 10. The trial court also found that Westbrook was "certainly intelligent enough to understand" the nature of the proceedings, and concluded that Westbrook was entering her plea knowingly, intelligently, and voluntarily. *See id*. at 13-15. Lastly, Westbrook reviewed with her attorney, and then signed, an extensive written colloquy. *See id*. at 5; *see also* Colloquy, 11/14/22; Trial Court Opinion, 1/27/23, at 7-9 (trial court analyzing Westbrook's issue and

concluding it is meritless); **Kehr**, 180 A.3d at 756–57 (requiring a showing of manifest injustice on the part of an appellant seeking to withdraw her guilty plea). Westbrook thus cannot establish the trial court abused its discretion in denying her post-sentence motion to withdraw her guilty plea. Therefore, we conclude the sole issue identified in this appeal is frivolous, and our independent review of the record reveals no additional issues of arguable merit in this appeal. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2023