J-S19039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
BONNIE JO PARTHEMORE   :
  :
Appellant   :   No. 1690 MDA 2022

Appeal from the Judgment of Sentence Entered November 14, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002093-2022

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:        **FILED: AUGUST 9, 2023**

Bonnie Jo Parthemore ("Parthemore") appeals from the judgment of sentence imposed following her convictions for driving under the influence ("DUI") (controlled substance) and the summary offense of illegal parking.[1] Additionally, Parthemore's counsel has filed a motion to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's motion and affirm the judgment of sentence.

In September 2021, Trooper Larry Reedy of the Pennsylvania State Police and his partner observed Parthemore's vehicle disabled "in the right lane coming off the ramp . . . in the travel lanes" of southbound I-83 in Dauphin County. N.T., 11/14/22, at 5. The troopers conducted a traffic stop

---

[1] ***See*** 75 Pa.C.S.A. §§ 3802(d)(2), 3353(a)(2)(ii).

and approached the disabled vehicle. *Id*. at 5, 23. The trooper observed Parthemore lying down asleep in the backseat of the vehicle with two dogs. *Id*. at 6, 11. The trooper tapped on the back window of the vehicle to wake Parthemore and instruct her to open the door and exit the vehicle. *Id*. When Parthemore complied, the trooper immediately detected the odor of marijuana coming from the vehicle. *Id*. at 6, 13. Parthemore told the trooper that she had run out of gas. *Id*. at 6. The trooper observed that Parthemore appeared "very disheveled, very out of it, seemed confused . . . [and] slurred speech real bad." *Id*. The trooper then transported Parthemore to the booking center where she refused a blood test. *Id*. at 9. He thereafter charged Parthemore with DUI and illegal parking.

The matter proceeded to a bench trial on November 14, 2022, at which the trooper testified as to the above-referenced facts. The trooper then authenticated the video of the encounter with Parthemore, which had been recorded by the dashboard camera of the patrol vehicle, and the video was then played for the trial court. *Id*. at 7-8. In the video, Parthemore admitted to having a glass of vodka and using marijuana. *Id*. at 7, 8. The video also showed that field sobriety tests were administered to Parthemore by the trooper, and she failed those tests. *Id*. at 8. Trooper Reedy explained that, based on the results of the field sobriety tests, he determined that Parthemore was under the influence and incapable of safely driving. *Id*. at 8-9.

At the conclusion of the bench trial, the court found Parthemore guilty of both offenses. The court immediately sentenced Parthemore to six months of restrictive punishment for DUI, with the first month on house arrest with electronic monitoring. The trial court then imposed fines and costs for illegal parking. Parthemore did not file a post-sentence motion. Parthemore filed a timely notice of appeal. The trial court then ordered her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Parthemore's counsel thereafter filed a concise statement indicating, *inter alia*, his intent to file a brief pursuant to **Anders** and **Santiago**. In light of counsel's stated intention, the trial court determined that no further explanation of Parthemore's conviction and sentence was necessary and did not prepare a Rule 1925(a) opinion. In this court, counsel has filed a motion to withdraw and an **Anders** brief. Parthemore has not filed a response to either of counsel's filings.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new

counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In ***Santiago***, our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. "Once counsel has satisfied the [***Anders***] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Edwards***, 906 A.2d at 1228 (citation omitted).

Here, counsel avers in his motion to withdraw that he conducted a thorough and conscientious review of the record and applicable case law, and thereafter determined that there are no meritorious grounds to support Parthemore's appeal. Counsel further avers that he mailed Parthemore copies of the motion and the ***Anders*** brief, as well as correspondence explaining Parthemore's rights to retain private counsel or proceed *pro se* and raise any additional arguments she believes are meritorious. Counsel's ***Anders*** brief

includes a summary of the facts and procedural history of the case, a list of issues that could arguably support Parthemore's appeal, and counsel's analysis of why the issues lack merit. We conclude counsel has complied with the technical requirements of the **Anders** procedure. Accordingly, we will conduct an independent review to determine whether Parthemore's appeal is wholly frivolous.

In the **Anders** brief, counsel presents no issue for our review in his statement of questions presented, given his conclusion that "any appeal issue in the case is frivolous." **Anders** Brief at 3. However, elsewhere in the brief counsel indicates that Parthemore challenges the sufficiency of the evidence supporting her conviction for DUI under section 3802(d)(2). **Id**. at 8. Accordingly, we will address Parthemore's challenge to the sufficiency of the evidence.

Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013). When considering a challenge to the sufficiency of the evidence:

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from

- 5 -

the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *See Commonwealth v. Orr*, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*).

To convict an individual of DUI under section 3802(d)(2), the Commonwealth must establish: "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(d)(2).

In the *Anders* brief, counsel explains that "Parthemore admitted to smoking marijuana as well as drinking earlier in the day, was illegally parked, and failed sobriety tests." *Anders* Brief at 8. Counsel further explains that Parthemore does not, and could not, contest the control element of the offense. *Id*. at 9. Counsel points out that Parthemore had slurred speech with a disheveled appearance and was found sleeping in her vehicle along the

interstate. *Id*. For these reasons, counsel concludes that any challenge to the sufficiency of the evidence supporting the DUI conviction would be frivolous.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner in the court below, we conclude that the evidence was sufficient to support Parthemore's conviction for DUI under section 3802(d)(2). The Commonwealth presented the testimony of Trooper Reedy, who testified that Parthemore appeared "very disheveled, very out of it, seemed confused . . . [and] slurred speech real bad." N.T., 11/14/22, at 6. The Commonwealth also presented the video of the encounter with Parthemore, wherein she admitted to having a glass of vodka and using marijuana, and which depicted her failing the field sobriety tests. *Id*. at 7, 8. Moreover, Parthemore also took the stand and admitted to consuming vodka and smoking marijuana that day, and to being asleep in her vehicle which was parked in the traffic lanes of the interstate. *Id*. at 16-17, 18, 19. Thus, we conclude that the evidence was sufficient to establish that Parthemore, while driving or operating a vehicle, was under the influence of a drug to a degree that impaired her ability to safely drive or operate a vehicle. *See Commonwealth v. Griffith*, 32 A.3d 1231, 1236 (Pa. 2011); *see also* 75 Pa.C.S.A. § 3802(d)(2). Thus, Parthemore's challenge to the sufficiency of the evidence supporting her conviction for DUI is, in fact, wholly frivolous.

Further, based on our independent review of the trial court proceedings, we discern no other non-frivolous issues that Parthemore could have raised.[2] *See Edwards*, 906 A.2d at 1228 (citation omitted). Thus, we conclude that Parthemore's appeal is wholly frivolous. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of sentence.

Motion granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2023

---

[2] Counsel additionally explained in the *Anders* brief that no discretionary sentencing claim could have been raised on Parthemore's behalf because she did not file a post-sentence motion or otherwise preserve any such claim at the time of sentencing. *See Anders* Brief at 11-12.