J-S20030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CHRISTOPHER KROMBEL | : | |
| | : | |
| Appellant | : | No. 2751 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2022,
in the Court of Common Pleas of Wayne County,
Criminal Division at No(s):  CP-64-CR-0000313-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 29, 2023**

Joseph Christopher Krombel appeals from the judgment of sentence imposed following his plea of *nolo contendere* to two counts of aggravated indecent assault of a child – victim less than 13 years old[1] and to one count of corruption of minors.[2]  Following the Sexual Offenders Assessment Board's report, the trial court determined that Krombel met the criteria to be classified as a Sexually Violent Predator.[3]  Krombel's counsel filed an application to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125(a)(7)
[2] 18 Pa.C.S.A. § 6301(a)(1)(i).
[3] 42 Pa.C.S.A. § 9799.53.

In November 2020, Krombel was charged with a number of offenses relating to the sexual abuse of his three stepchildren. The oldest child reported that between 2017 and 2020, Krombel abused the stepchildren repeatedly, and that he would show them pornography, and directed them to perform sexual acts. In May 2022, Krombel entered a plea of *nolo contendere* to the three counts listed above.

Krombel was evaluated by the Sexual Offenders Assessment Board (SOAB) and a hearing was held on October 20, 2022 to determine whether Krombel should be classified as a Sexually Violent Predator (SVP), pursuant to the Sex Offender Registration and Notification Act (SORNA II). Following the SVP hearing, the trial court classified Krombel as an SVP, and it imposed an aggregate sentence of 126-300 months of incarceration, and a consecutive six-year probationary term. It further determined that Krombel was a Tier III offender, and subject to a lifetime registration. Krombel timely filed this direct appeal, raising the sole issue of whether his SVP designation was proper. Counsel for Krombel has filed an ***Anders*** Brief, seeking to withdraw as counsel.

Before we may consider the issues raised in the ***Anders*** brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to

withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of **Anders**. Counsel indicated that she reviewed the record and concluded that Krombel's appeal is frivolous. Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**. Finally, the record included a copy of the letter that counsel sent to Krombel stating counsel's intention to seek permission to withdraw and advising Krombel of his right to proceed *pro se* or retain new counsel and file additional claims.[4] Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Krombel's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue that Krombel wishes to raise: Whether "the court erred in deeming [Krombel] to be a sexually violent predator." **Anders** Brief at 6. We review an SVP designation to determine whether the Commonwealth presented clear and convincing evidence that the defendant meets the statutory definition of an SVP.

_____

[4] Initially, counsel's letter to Krombel was defective, because she stated that "**If** my motion to withdraw is granted, you will **then** have the option of proceeding forward with this appeal *pro se*, or you may elect to hire private counsel to assist you in this matter." (Emphasis added). The letter improperly framed Krombel's ability to respond to counsel's petition to withdraw and **Anders** Brief as contingent on the granting of the petition. By *per curiam* order, this Court directed counsel to file seven copies of an amended letter addressed and mailed to Krombel advising him of his **immediate** right to retain new counsel to pursue the appeal, proceed *pro se* on appeal, or raise any additional points that Krombel deems worthy of our attention. Counsel complied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). "The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa. Super. 2011) (citation omitted). In reviewing an SVP determination, this Court may not re-weigh the factors relied on by the fact-finder. *Morgan*, 16 A.3d at 1173. "As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth." *Hollingshead*, 111 A.3d at 189. An "expert's opinion, which is rendered to a reasonable degree of professional certainty, is itself evidence." *Commonwealth v. Fuentes*, 991 A.2d 935, 944 (Pa. Super. 2010) (*en banc*).

Section 9799.58 sets forth the procedure under SORNA II for determining whether an individual, following a conviction, should be classified as an SVP. 42 Pa.C.S.A. § 9799.58. Upon the praecipe filed by the district attorney, the court shall schedule a hearing. § 9799.58(e)(1). The individual must receive notice and be provided with an opportunity to be heard, including the right to call and cross-examine witnesses. § 9799.58(e)(2). The individual has the right to counsel, and the right to call expert witnesses. *Id.* At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the

individual is an SVP. § 9799.58(e)(3). The individual is entitled to receive a copy of that determination. § 9799.58(e)(4).

Section 9799.53 defines a sexually violent predator as follows :

> "**Sexually violent predator**." Subject to section 9799.75 (relating to construction of subchapter), a person who has been convicted of a sexually violent offense and who is determined to be a sexually violent predator under section 9799.58 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses or who has ever been determined by a court to have a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses under a former sexual offender registration law of this Commonwealth. The term includes an individual determined to be a sexually violent predator where the determination occurred in the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or by court martial.

§ 9799.53.

SOAB evaluators must consider the following factors when performing SVP assessments:

> (1) Facts of the current offense, including:
>
>> (i) Whether the offense involved multiple victims.
>>
>> (ii) Whether the individual exceeded the means necessary to achieve the offense.
>>
>> (iii) The nature of the sexual contact with the victim.
>>
>> (iv) Relationship of the individual to the victim.
>>
>> (v) Age of the victim.
>>
>> (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

(iii) A mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

§ 9799.58(b)

At the October 20, 2022 hearing, the sentencing court heard testimony from a member of the SOAB, Dr. Mary Muscari, who was qualified as an expert for the Commonwealth. The evaluator rendered her opinion with a reasonable degree of professional certainty that Krombel met the criteria to be classified as an SVP. Krombel's offenses included multiple victims, multiple incidents over time. The age ranges of the victims were: 8-11 years old; 7-10 years old; and 3-6 years old. The evaluator determined that Krombel met the criteria for Pedophilic Disorder, as set forth in the Diagnostic and Statistical

Manual for Mental Disorders, Fifth Edition. The Pedophilic Disorder is concerned a "lifetime disorder." The evaluator further testified:

> In spite of knowing what he was doing was wrong, as evidence by his telling the victims not to tell, Mr. Krombel repeatedly engaged in sexual behavior with three prepubertal children. His condition overrode his emotional/volitional control.

N.T., 10/20/22, at 8

The evaluator opined within a reasonable degree of professional certainty that Krombel suffered from Mental Abnormality/Personality Disorder as defined in Section 9799.54. Finally, the evaluator opined that Krombel met the predatory criterion; in his role as the victims' stepfather, he abused and altered his relationship by grooming the victims and prompted the relationship to facilitate victimization and sexually assaulted them over a period of years. *Id.* The court agreed with the evaluator's professional opinion. In viewing this evidence in a light most favorable to the Commonwealth, we find no merit in Krombel's claim that the court erred in determining that he is an SVP.

Finally, in accordance with ***Dempster***, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2023