J-S03028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH CURTIS RICHARDSON | : | |
| | : | |
| Appellant | : | No. 437 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 5, 2024
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001082-2023

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED: February 11, 2025**

Keith Richardson ("Richardson") appeals from the judgment of sentence imposed following his jury convictions for simple assault, harassment, and criminal mischief.[1]  Additionally, Richardson's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant Counsel's petition to withdraw and affirm.

The relevant factual and procedural history of this case is as follows.  In January 2023, Richardson was living with Mirela Vila ("the victim") when she received notification from a monitoring service someone had fallen in her home.  The victim returned to the home and found the refrigerator, windows,

---

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), 3304(a)(5).

TV, and computer broken and other, new, damage. When the victim told Richardson he was no longer welcome in the home, Richardson banged her head against the wall. A responding police officer found scratch marks on the victim's face and neck. Richardson testified at trial and admitted destroying items in the home but denied hitting the victim.

At trial, a jury convicted Richardson of the above offenses. The trial court imposed a mitigated guidelines range sentence of eleven and one-half to twenty-three months of incarceration followed by eleven months of probation.

Richardson timely appealed. Counsel was appointed but filed a petition to withdraw and a brief pursuant to *Anders*/*Santiago*.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In *Santiago*, our Supreme Court addressed the

second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Edwards**, 906 A.2d at 1228 (internal citation omitted).

Here, Counsel states in a letter to Richardson attached to her petition to withdraw she has reviewed the record and determined that no non-frivolous issues exist.[2] Counsel has further averred that she mailed Richardson a copy of her petition to withdraw along with her **Anders** brief and a letter explaining Richardson's right to retain new counsel, file a *pro se* brief or response in this Court, or raise any additional matters before this Court himself. **See** Petition

---

[2] The letter was not attached to the copy in the certified record of counsel's application to withdraw; at this Court's direction counsel subsequently filed it with this Court. **See** Response to Order, 11/15/24.

- 3 -

for Leave to Withdraw as Counsel, 10/14/24; Response to Order, 11/15/24.

Counsel's brief includes a summary of the factual and procedural history of the case, identifies the issue that could arguably support Richardson's appeal, and explains her reasons for concluding the appeal is frivolous, with analysis of the pertinent facts and applicable law. *See Anders* Brief at 9-13. Because Counsel has complied with *Anders* and *Santiago*, we conduct an independent review to determine whether this appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018).

Counsel identifies the following issue for our review:

Whether [Richardson's] sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code?

*See Anders* Brief at 3.

Richardson's claim implicates the discretionary aspects of sentencing. It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted). Further, a substantial question exists only when the appellant advances a colorable argument the court's actions were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *See id*.

Richardson's concise statement does not advance a colorable claim his sentence was inconsistent with a specific Sentencing Code provision or that it was contrary to fundamental sentencing norms. His assertions are entirely generic. Accordingly, he fails to establish our jurisdiction to review his claim. *See id*. Moreover, Richardson waived any discretionary sentencing challenge because he failed to object to his sentence at the revocation hearing and, additionally, filed no post-sentence motions challenging the discretionary aspects of his sentence. *See Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003).

Even if properly preserved, Richardson's discretionary sentencing issue would be wholly frivolous. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted). When the sentencing court applies the sentencing guidelines, this Court may only vacate if the case involves circumstances where the

- 5 -

application of the guidelines would be clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2); ***Commonwealth v. McCarthy***, 180 A.3d 368, 380 (Pa. Super. 2018).

Our legislature has determined that "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Moreover, "[i]n every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record[] and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id***. The trial court, however, need not undertake a lengthy discourse for its reasons for imposing a sentence. ***See Commonwealth v. Conklin***, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted).

Here, Richardson argues he had past drug and mental health issues, his prior convictions were relatively old, and the Commonwealth focused unduly on his lack of remorse. ***See Anders*** Brief at 10-11. As counsel notes, however, Richardson received a ***mitigated range sentence*** and the sentencing court considered all relevant sentencing factors including Richardson's prior record. ***See id***. at 12. Additionally, a sentencing court may properly consider a defendant's lack of remorse. ***See Commonwealth v. Summers***, 245 A.3d 686, 695-96 (Pa. Super. 2021). Accordingly, any

challenge to Richardson's mitigated range sentence would be wholly frivolous. *See McCarthy*, 180 A.3d at 380.

Based on our review of the foregoing, we conclude that even if Richardson's challenge to the discretionary aspects of his sentence were preserved, the trial court did not abuse its discretion in imposing a mitigated guideline-range sentence. Thus, we conclude the issues identified in this appeal are frivolous, and our independent review of the record reveals no additional issues of arguable merit. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/11/2025