J-A27024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLIN FLORENTINO BATISTA | : | |
| | : | |
| Appellant | : | No. 630 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 14, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000565-2020

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 14, 2025**

Marlin Batista appeals from the judgment of sentence imposed after she pled guilty to third degree homicide.  She challenges the discretionary aspects of her sentence.  Additionally, Batista's counsel asked to withdraw from representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we deny counsel's petition with instructions.

On December 13, 2019, Batista and her husband Jose Jimenez-Reyes got into a physical altercation.  At some point, Batista ran into her residence and came out holding an object in her right hand.  Batista then charged at Jimenz and attacked him, slashing at and stabbing him multiple times. Ultimately, Batista stabbed him in the chest.  Jimenez-Reyes was taken to the hospital.  He died two days later.  Batista was arrested and charged with criminal homicide.

On December 30, 2021, Batista entered an open guilty plea to third degree murder.[1]  On March 14, 2022, the trial court sentenced Batista to 20 to 40 years' incarceration, the maximum sentence.  Batista filed a post-sentence motion, which was denied by operation of law.

Batista filed this timely appeal.[2]  Counsel filed an ***Anders*** brief with this Court and a petition to withdraw.  Batista did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010).  Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [her] of [her] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

---

[1] 18 Pa.C.S.A. § 2502(c).

[2] Notably, Batista's post-sentence motion expired on July 22, 2022.  However, the clerk of courts failed to enter an order deeming the motion denied by operation of law.  Instead, the clerk of courts did not enter an order until April 17, 2024, well beyond the 120-day period.  Consequently, Batista had 30 days from that date to file her appeal.  Batista's appeal, which she filed on May 2, 2024, was timely.

- 2 -

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Additionally, counsel sent a letter to Batista indicating counsel's intention to seek permission to withdraw and advising Batista of her right to proceed *pro se* or

retain new counsel.[3]  However, the letter failed to inform Batista that she had the right to raise additional points that she deems worthy of the Court's consideration.

Accordingly, as counsel has not complied with the procedural requirements for withdrawing from representation, we are compelled to deny counsel's request to withdraw to ensure Batista is afforded her constitutional rights.  Counsel shall either comply with **Anders** by filing with this Court an amended petition to withdraw containing a proper **Millisock** letter or file an advocate's brief on Batista's behalf within 15 days of this decision.  Batista may file a response to counsels' petition and **Anders** brief with this Court within 30 days of the date of service of the documents.  The Commonwealth will be permitted 30 days to respond to any reply by Batista or notify this Court that no response will be forthcoming.

Furthermore, because Batista wishes to challenge the discretionary aspects of her sentence and refers to the sentencing transcript, we observe that this transcript is not included in the certified record.  It is an appellant's burden to ensure that the certified record is complete.  **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013).  Therefore, counsel is directed

---

[3] This letter was filed separately the same date as the petition to withdraw but was not attached to the petition.  The prudent course of action is for counsel to attach it to the petition.  **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).  This helps to ensure that the defendant is properly notified of his or her rights.

to supplement the record with this transcript by filing it with the trial court clerk within 30 days of this decision.  ***See*** Pa.R.A.P. 1926(b).

Petition to withdraw denied.  Panel jurisdiction retained.